IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIKTOR SIDOROV, : | |
|     Petitioner, : | Civil Action No. 1:09-CV-01868 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| MARY SABOL, et al., : | |
|     Respondents. : | |
| : | |

## MEMORANDUM

Pending before the Court is Petitioner Viktor Sidorov's writ of habeas corpus (Doc. No. 1). In this Court's December 18, 2009 Order, the Court granted Petitioner's writ of habeas corpus in part, and ordered that the parties present further briefing regarding whether the length of Petitioner's detention under 8 U.S.C. § 1226(c) was still reasonable. (See Doc. No. 12 at 19, 22.) The matter has been fully briefed and is now ripe for disposition. Because the Court finds that the length of Petitioner's mandatory detention without a bond hearing is no longer reasonable, the Court will partially grant the habeas petition and order a bond hearing.

**I.  BACKGROUND**

Petitioner is detained pursuant to the mandatory detention provisions of 8 U.S.C. § 1226(c). He contends that his continued detention pending resolution of removal proceedings violates both the Immigration and Nationality Act (INA), 8 U.S.C. § 1101, et seq., and his right to due process under the Fifth Amendment.

The facts of this case are laid out in this Court's December 18, 2009 Memorandum and Order, and need not be reproduced here. However, because the length of Petitioner's detention is at issue, the Court will briefly outline the timeline of this case.

Petitioner is a native of the former Soviet Union, who adjusted to lawful permanent resident status in the United States on August 20, 1994. (Doc. No. 1 ¶ 15; Doc. No. 8 at 2.) On November 6, 2007, Petitioner was arrested by the Fairfax County Police Department, Virginia, for the offense of "Unlawful Wounding." (Doc. No. 8 at 3.) On April 4, 2008, he pled guilty and was sentenced to 4 years confinement. (Doc. No. 1 ¶ 17.) All but eleven months of his sentence was suspended and he was credited for time served while awaiting trial. (Id.) Petitioner was released from the Fairfax County Jail in August 2008. (Id., Ex. B at 6.)

Petitioner was taken into custody by Immigration and Customs Enforcement (ICE) on October 28, 2008, a day after he was arrested by the Philadelphia Police Department for driving under the influence. (Doc. No. 1 ¶ 18; Doc. No. 8 at 3.) At that time, the Department of Homeland Security (DHS) issued a Notice to Appear and placed Petitioner in removal proceedings. (Doc. No. 1 ¶ 19.) DHS charged petitioner under § 237(a)(2)(A)(ii) & (iii) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1227(a)(2)(A)(ii) & (iii), and held him pursuant to § 236, 8 U.S.C. § 1226(c). (Id.) On December 18, 2008, Petitioner submitted to the York Immigration Court an I-589 application for withholding of removal under § 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), and the Convention Against Torture. (Id.)

Petitioner was initially scheduled for an individual merits hearing on March 5, 2009. (Id.) However, his original attorney terminated her employment at the Pennsylvania Immigration Resource Center and his current counsel, Megan Bremer, substituted her appearance on February 2, 2009. (Id.) Ms. Bremer requested and was granted a continuance to have more time to familiarize herself with the case. The individual merits hearing was rescheduled for May 7, 2009. (Id.)

On or about March 12, 2009, Petitioner was transferred to the custody of the Philadelphia County Sheriff's Office for a hearing on the criminal charge of driving under the influence. (Doc. No. 8, Ex. 1 at 26.) On March 23, 2009, Petitioner's immigration proceedings were administratively closed pending the conclusion of his state criminal charges. (Doc. No. 8 at 5.) On April 15, 2009, Petitioner was returned to ICE custody and transferred back to the York County Prison. (Doc. No. 1 ¶ 19.) At that time, the York Immigration Court re-calendered the individual merits hearing for July 1, 2009. (Id.) The July 1, 2009 hearing was again continued upon the request of Petitioner's counsel in order to permit DHS additional time to authenticate foreign documents submitted by Petitioner in support of his claim for relief from removal. (Id.; Doc. No. 16 at 6; Doc. No. 18 at 2.) The hearing was subsequently rescheduled for December 17, 2009. (Doc. No. 1 ¶ 19.)

Petitioner filed his writ of habeas corpus on September 29, 2009. (Doc. No. 1.) On October 9, 2009, the Court ordered the Government to respond to the petition. (Doc. No. 5.) The Government submitted its response on October 29, 2009. (Doc. No. 8.) Petitioner submitted his reply brief on November 17, 2009. (Doc. No. 9.)

In its December 16, 2009 Memorandum and Order, the Court did not finally resolve Petitioner's claims for relief under 28 U.S.C. § 2241, but instead set forth its initial legal holdings and ordered the parties to indicate by letter on the docket whether they planned to present further evidence regarding Petitioner's detention. (See Doc. No. 12.)

On January 7, 2010, the parties responded that no evidentiary hearing was necessary and that the issues could be resolved through further briefing by the parties. (See Doc. Nos. 13, 14.) As a result, the Government submitted a brief on January 28, 2010 (Doc. No. 16), and Petitioner

submitted his brief on January 29, 2010 (Doc. No. 18.).[1]

Petitioner's individual merits hearing was held before Immigration Judge Andrew R. Arthur (the "IJ") on December 17, 2009.  (Doc. No. 16 at 6.)  The IJ adjourned the case to February 9, 2010, to issue his decision.  (Id. at 7.)  On March 11, 2010, the IJ issued an oral decision.  In it, Petitioner was ordered to be removed from the United States to Russia or, in the alternative, to Ukraine.  (Doc. No. 32-2.)  Petitioner's application for withholding of removal was denied.  (Id.)  However, the IJ granted Petitioner's application of deferral of removal to Russia and Ukraine under Article III of the Convention Against Torture.  (Id.)  On April 8, 2010, ICE filed an appeal of the IJ's decision granting Petitioner a deferral of removal to Ukraine.  (Doc. No. 35 at 2; Doc. No. 36 at 1.)

## II.    DISCUSSION

As this Court recognized in its December 18, 2009 Memorandum, a detainees' indefinite confinement under § 1226(c) raises serious constitutional concerns.  As a result, courts have endeavored to apply the principles set forth by the Supreme Court in Demore v. Kim, 538 U.S. 510 (2003), and Zadvydas v. Davis, 533 U.S. 678 (2001).  To maintain these principles, this Court determined to follow the approach developed by the Sixth Circuit in Ly v. Hanson, 351 F.3d 263 (6th Cir. 2003), and adopted by the court in Alli v. Decker, 644 F. Supp. 2d 535 (M.D. Pa. 2009) (Jones, J.).  (Doc. No. 12 at 17-18.)  Under that approach, a court

> "construes § 1226(c) as authorizing mandatory detention for the period of time reasonably necessary to promptly initiate and conclude removal proceedings.  If an alien detained pursuant to § 1226(c) makes a showing via a habeas petition that detention is no longer

---

[1] The Court also granted Petitioner leave to supplement his brief with exhibits on February 4, 2010; March 15, 2010; and April 23, 2010.  (See Doc. Nos. 28, 31, 34.)

> reasonable, the alien must be afforded a hearing before the habeas court at which the government bears the burden of justifying continued detention based on traditional bail factors such as the alien's risk of flight and potential danger to the community."

(Doc. No. 12 at 18 (quoting Alli, 644 F. Supp. 2d at 541).)  In analyzing the reasonableness of a detention, the Court stated that it would consider the following factors: "(1) whether detention has continued beyond the average time necessary for completion of removal proceedings; (2) the probable extent of future removal proceedings; (3) the likelihood that removal proceedings will actually result in removal; and (4) the conduct of both the alien and the government."  (Doc. No. 12 at 18 (citing Alli, 644 F. Supp. 2d at 543-44).)  On the record before it, the Court was unable to make a final determination based on these factors and therefore ordered further briefing by the parties.  The resulting submissions have proven very helpful in analyzing the reasonableness of the length of Petitioner's detention.  The Court finds that, under the circumstances of this case, Petitioner's mandatory detention under § 1226(c) is no longer reasonable.

First, Petitioner's detention has gone beyond the average time necessary for completion of removal proceedings.  Indeed, it is undisputed that Petitioner's over seventeen-month detention[2] has exceeded the 90-day period contemplated by the Court in Demore and the six month period in Zadvydas.  This factor weighs in favor of Petitioner that his detention is no longer reasonable.

Second, there is a high probability of future removal proceedings.  As a result of Petitioner's application of deferral of removal being granted by the IJ, the Government has

---

[2] The Court notes that it has calculated the length of Petitioner's detention under § 1226(c) from the time he was taken into ICE custody on October 28, 2008, and subtracting the approximately one month he spent in the custody of the Philadelphia County Sheriff's Office while facing separate criminal charges.

appealed the IJ's determination to the Board of Immigration Appeals. The Government may also seek to terminate the deferral of removal, see 8 C.F.R. § 1208.17(d), or choose to remove the Petitioner to a different country. See 8 C.F.R. § 1208.17(a) & (b)(2). By choosing to pursue any one of these avenues, further proceedings are likely to result and the length of Petitioner's seventeen-month detention without a bail hearing is likely to be prolonged even further.

Third, the fact that the IJ ordered Petitioner to be removed and denied Petitioner's application for withholding of removal weighs in favor of the likelihood that Petitioner will actually be removed. Although Petitioner has been granted a deferral of removal, such a deferral does not mean Petitioner will not be deported. Instead, deferral of removal under the Convention Against Torture is a limited form of relief given to aliens who are barred from receiving withholding of removal. 8 C.F.R. § 1208.17(a). If BIA reverses the deferral on appeal, Petitioner would be subject to immediate removal. Petitioner has presented no evidence to indicate that Russia or Ukraine would not accept Petitioner's return. See Prieto-Romero v. Clark, 534 F.3d 1053, 1063-64 (9th Cir. 2008) (noting that a deportation is not reasonably foreseeable where no country will accept a deportee or where the United States lacks an extradition treaty with the receiving country). Even if the BIA affirms the IJ's finding, Petitioner may still be removed to a country other than Russia or Ukraine, or DHS may seek to terminate the deferral under 8 C.F.R. § 1208.17(d) or through diplomatic assurances under 8 C.F.R. § 1208.18(c). Therefore, the Court will weigh this factor against Petitioner.

In reviewing the fourth factor, the Court finds that the length of Petitioner's detention is not the result of dilatory conduct by either party, although, as the Government points out, Petitioner bears some responsibility for the delay in proceedings. First, there was a two-month

delay when Petitioner asked for a continuance when new counsel substituted her appearance from the Pennsylvania Immigration Resource Center.  Second, the hearing date was again delayed by two months when Petitioner was removed from ICE custody to deal with separate criminal charges in Philadelphia.  Third, before his hearing date in July 2009, Petitioner asked for another continuance in order to authenticate documents in support of his request for deferral of removal, which again resulted in the hearing date being pushed back.  Although Petitioner can be held responsible for some delay in his case going forward, the Court finds that Petitioner does not bear the lion's share of responsibility for this case dragging out for over seventeen months.  Instead, after reviewing the record in this case, it appears to the Court that Petitioner's late hearing date was the result of forces outside the control of either side,[3] and as such, were not the result of Petitioner trying to "game" the system.  Therefore, the Court will not weigh this factor against Petitioner.

In reviewing these four factors together, the Court finds that the length of Petitioner's over seventeen-month mandatory detention without a bond hearing to justify his continued detention is no longer reasonable.  See Motto v. Sabol, No. 4:CV-09-1675, 2010 WL 146315, at *4 (M.D. Pa. Jan. 11, 2010) (Muir, J.) (stating that petitioner's twenty-month detention was "approaching a duration that [was] problematic"); Fernandez-Romero v. Sabol, No. 3:CV-09-0894, 2009 WL 5178474, at *3-4 (M.D. Pa. Dec. 31, 2009) (Munley, J.) (same).  The length of detention has far-exceeded the six-month average contemplated by Zadvydas. Although the

---

[3] As Respondents' brief states, "the Immigration Court, part of the Executive Office of Immigration Review, is an agency under the Department of Justice, separate and distinct from [DHS]." (Doc. No. 16 at 14.)  Respondents' suggest that the nearly six-month delay from July 2009 to December 2009 for Petitioner's individual merits hearing "may be the result of the York Immigration Court being understaffed due to an immigration judge position being vacant for one year." (Id.)

length of future proceedings is unclear, such proceedings seem highly probable.  Therefore, the Court finds that a bond hearing must be held to determine whether continued detention is justified in this case during an appeal before the Board of Immigration Appeals.  At that hearing, the Government will bear the burden of proving that Petitioner is a flight risk or a danger to the community.

### III.    CONCLUSION

Under the circumstances of this case, the Court finds that Petitioner's mandatory detention is no longer reasonable.  Therefore, Petitioner's habeas petition will be granted to the extent that the IJ will be ordered to hold a bond hearing at which the Government will bear the burden of justifying Petitioner's continued detention based on traditional bail factors such as Petitioner's risk of flight and potential danger to the community.  An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VIKTOR SIDOROV,<br>    Petitioner,<br><br>v.<br><br>MARY SABOL, et al.,<br>    Respondents. | :<br>:   Civil Action No. 1:09-CV-01868<br>:<br>:<br>:   (Chief Judge Yvette Kane)<br>:<br>:<br>:<br>: |

**ORDER**

**AND NOW**, this 5th day of May 2010, **IT IS HEREBY ORDERED THAT** the petition for writ of habeas corpus (Doc. No. 1) is **PARTIALLY GRANTED**. The case will remain open pending compliance with the Court's Order, as follows:

1. Respondents shall provide Petitioner with a hearing before an immigration judge on or before June 4, 2010, where if the Government wishes to continue detention of Petitioner, it shall have the burden of justifying the detention based on traditional bail factors such as risk of flight and danger to the community.

2. Counsel for Respondents will report to this Court on or before June 4, 2010, regarding compliance with this Order. This report will include notification as to the outcome of the bond hearing.

3. Failure to conduct the bond hearing at all or a hearing on the merits as ordered will entitle Petitioner to an immediate bond hearing before this Court.

4. The petition is **DENIED** in all other respects.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
